UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX AROZ,<br><br>          Petitioner,<br><br>    v.<br><br>PATRICK COVELLO,<br><br>          Respondent. | No.  2:21-cv-1934 KJN P<br><br><br>ORDER |

Petitioner, a state prisoner at Mule Creek State Prison, filed a motion for stay and abeyance.  Petitioner filed no other pleadings.  In order to commence an action, petitioner must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases, and petitioner must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).  The court will not issue any orders granting or denying relief until an action is properly commenced.  Therefore, petitioner's motion is denied without prejudice.  Unless petitioner files a petition, and submits an application requesting leave to proceed in forma pauperis or submits the appropriate filing fee, this action will be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motions for stay and abeyance (ECF Nos. 1 and 3) are denied without prejudice;

2. Within thirty days,[1] petitioner shall file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case; petitioner must file an original and two copies of the petition.  Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00.  Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed; and

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a prisoner.

Dated:  November 2, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/aroz1934.nopetition

---

[1] By setting this deadline, the court makes no finding or representation that the petition is not subject to dismissal as untimely.  See Sossa v. Diaz, 729 F.3d 1225, 1231-35 (9th Cir. 2015).  Petitioner is advised that a one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition.  See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis).