UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX AROZ, | No. 2:21-cv-1934 TLN KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| PATRICK COVELLO, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee.

Pending before the court are petitioner's motions to stay this action in order to present his unexhausted claims to the California Supreme Court. (ECF No. 1, 3.) For the reasons stated herein, the undersigned recommends that petitioner's motions to stay be granted.

Background

Petitioner filed the instant petition on November 2, 2021. (ECF No. 9.) Petitioner challenges his 2017 conviction for various sex crimes on a child, and raises twenty claims for relief, alleging as follows:

The trial court abused its discretion by (1) removing petitioner's counsel of choice and appointing new counsel over petitioner's objections, (2) allowing prior bad acts to be introduced

////

1

1  into evidence, and (3) overruling trial counsel's objection to the prosecution asking the expert
2  witness hypothetical questions;
3         (4) trial court erred in finding complaining witness T.L. was unavailable;
4         (5) petitioner's constitutional rights were violated when he was interrogated by three
5  separate officers without prior Miranda admonitions;
6       Petitioner's right to the effective assistance of counsel was denied by (6) failure to object
7  to the prosecutor reading transcripts from the witness stand, (7) failure to subpoena phone
8  records, (8) failure to properly investigate impeachment evidence, (9) failure to secure
9  declarations from witnesses for alibi or impeachment purposes, (10) failure to call two alibi
10 witnesses, (11) failure to prepare and investigate petitioner's case until one month before trial,
11 (12) failure to impeach and investigate prosecution witness Melanie Keathley, (13) failure to raise
12 issue of the time of the offense or to object to the jury instruction claiming the prosecution did not
13 have to prove the time of the offense; and (14) providing false information to the jury and an
14 unfulfilled promise of a witness who did not testify;
15        (15) prosecutor committed misconduct by failing to disclose if any deal or compensation
16 was given to jailhouse informant Melanie Keathley;
17        (16) trial court abused its discretion by not allowing investigator Mike Martin to testify;
18        (17) Brady violation based on CHP Officer Zaragoza's testimony as to video and audio in
19 her patrol car, and ineffective assistance of counsel for failing to investigate or obtain such audio
20 or video;
21        (18)  petitioner was denied effective assistance of counsel when trial counsel argued
22 against petitioner's interest, rendering jury instructions useless;
23        (19) petitioner was denied effective assistance of appellate counsel by failing to raise any
24 of the above claims and refusing to work with petitioner;
25        (20) petitioner was denied the effective assistance of counsel by trial counsel's failure to
26 object to expert testimony based on opinion, not facts, and appellate counsel failed to use proper
27 case law on appeal and for review.
28 (ECF No. 9.)

Petitioner presented three of his claims in his petition for review filed in the California Supreme Court:  denial of counsel of choice, and prejudicial errors based on the use of expert opinion evidence, and allowing prior bad acts.  (ECF No. 9 at 3.)  Such claims are exhausted.

In the state superior court, plaintiff raised claims of ineffective assistance of counsel, confrontation clause, abuse of discretion, and jury instructions.  (ECF No. 9 at 4.)  Petitioner states he raised those same claims in the California Court of Appeals.  (Id.)

In his petition and his motions for stay, petitioner alleges that at the time this action was filed his petition for writ of habeas corpus was pending in the California Court of Appeals, Third Appellate District, Case No. C094520.  Petitioner acknowledges that he is required to file his petition in the California Supreme Court, "is running out of time," and requests that this action be stayed so that he may exhaust his claims.

Governing Standards

A petitioner in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed, unless the petitioner is granted a stay to return to state court and exhaust the unexhausted claims.

Under Rhines, "stay and abeyance [is] available only in limited circumstances," and only when:  (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

////

////

Discussion

*Good Cause*

Petitioner's motions confirm he is confused as to the deadline for filing a federal habeas petition. Given the pendency of his habeas petition in the state appellate court at the time he filed this action, it appears that petitioner seeks to file a "protective petition" pursuant to Pace v. DiGuglielmo, 544 U.S. 408 (2005).

According to the petition, the California Supreme Court denied his petition for review on October 28, 2020. (ECF No. 9 at 134.) Petitioner's conviction became final 90 days later on January 27, 2021. The limitations period begins running the next day, January 27, 2021. Thus, absent tolling, the statute of limitations will run one year later on January 26, 2022. Under the mailbox rule, petitioner filed the instant petition on October 28, 2021. (ECF No. 9 at 319.)

Where a petitioner is unsure whether state proceedings for post-conviction relief are "properly filed" under 28 U.S.C. § 2244(d)(2),[1] he may file a "protective petition" in federal court and ask for a stay and abeyance of the federal habeas proceedings until he exhausts his state remedies. Rhines, 544 U.S. at 278. By filing a protective petition, a petitioner seeks to avoid a determination that a federal habeas petition is time-barred after months or years of litigating in state court. Pace, 544 U.S. at 416. "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Id.

Here, petitioner filed his habeas petition in the Amador County Superior Court on March 19, 2021. (ECF No. 9 at 135.) On June 9, 2021, the state superior court denied the habeas petition. (Id.) On July 28, 2021, petitioner filed a petition for writ of habeas corpus in the Court of Appeal, Third Appellate District. (ECF No. 9 at 136.) While the state appellate court had not issued a decision at the time the instant case was filed, the state court's website reflects that the habeas petition, no. C094520, was recently denied on November 29, 2021. (See appellatecases.courtinfo.ca.gov.)

---

[1] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2254(d)(2).

As discussed herein, petitioner has informed this court that he plans to file his habeas corpus petition in the California Supreme Court.

The undersigned finds that petitioner's pro se status in his state petitions supports his claim that he is reasonably uncertain regarding the timelines of his state petitions.[2] Accordingly, the undersigned finds that petitioner has shown good cause for his failure to exhaust his unexhausted claims. See Dixon v. Baker, 847 F.3d 714, 721-22 (9th Cir. 2017) (fact that petitioner was without counsel in state post-conviction proceedings can constitute good cause under Rhines).

*Potentially Meritorious*

After reviewing the petition, the undersigned finds that at least one of petitioner's unexhausted claims are potentially meritorious, specifically his allegation that his rights under Miranda were violated.

*Intentional Dilatory Tactics*

In Rhines, the Supreme Court stated, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." 544 U.S. at 278. Here, the record reflects that petitioner diligently pursued his post-conviction petitions. Following the denial of his petition for review on October 28, 2020, petitioner filed his first state habeas petition on March 19, 2021, and he filed his habeas petition in the state appellate court on July 28, 2021, shortly after the state superior court denied the habeas petition on June 9, 2021.

On this record, the undersigned does not find that petitioner has engaged in abusive litigation or intentional delay tactics.

Therefore, petitioner's motions for stay should be granted. However, petitioner is cautioned that he should file his petition for writ of habeas corpus in the California Supreme Court without delay. In addition, petitioner must notify this court when the California Supreme Court has addressed the habeas petition. Failure to so inform this court may result in a recommendation that this action be dismissed.

---

[2] Petitioner proceeded pro se both in the superior court and in the California Court of Appeal. (ECF No. 9 at 135, 136.)

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motions for stay (ECF No. 1, 3) be granted;

2. The Clerk of the Court be directed to administratively stay this action; and

3. Petitioner be ordered to notify the court of the exhaustion of state court remedies within thirty days of the filing of the order by the California Supreme Court addressing his habeas petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 27, 2021

/aroz1934.sty

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6